IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, § § § Plaintiff, § § Civil Action No. 3:15-CV-1475-D VS. § § PRIMELENDING, A PLAINSCAPITAL § COMPANY, et al., § § Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this insurance-related declaratory judgment action, defendant First Choice Construction, LLC ("First Choice") moves to dissolve the court's July 20, 2015 scheduling order under Fed. R. Civ. P. 16(b)(4) or, alternatively, to order the parties to confer and propose a new scheduling order. First Choice separately moves to stay the deadlines of the scheduling order until the court decides pending motions to dismiss.[1] Concluding that First Choice has failed to make the required showing of good cause, the court denies the amended motion to dissolve the scheduling order,[2] and denies the motion to stay.

---

[1] Plaintiff Atlantic Casualty Insurance Company responded to First Choice's motion to stay on December 2, 2016. The deadline for First Choice to file a reply, if any, was December 16, 2016. *See* N.D. Tex. Civ. R. 7.1(f). The motion is now ripe.

[2] First Choice filed a September 13, 2016 motion to dissolve scheduling order and an October 19, 2016 motion for leave to file amended motion to dissolve scheduling order. The motion for leave is accompanied by a copy of First Choice's proposed amended motion to dissolve scheduling order. The court grants the motion for leave and decides First Choice's amended motion. The original motion is denied without prejudice because it has been

I

This action arises from a state-court insurance dispute. On May 11, 2015 plaintiff Atlantic Casualty Insurance Company ("Atlantic Casualty") filed suit in this court seeking a declaratory judgment that it does not have a duty to defend in the underlying state-court lawsuit. On July 20, 2015 the court entered a scheduling order that established the following relevant deadlines: motions to amend pleadings must be filed by December 8, 2015; motions to join parties must be filed by January 8, 2016; discovery must be completed by June 17, 2016; and motions for summary judgment and all other motions not otherwise covered by another deadline must be filed by August 2, 2016.

First Choice timely moved for leave to amend its pleadings to bring a third-party action against Connect Insurance Agency, Inc. ("Connect"). The court granted the motion on January 11, 2016, and Connect was served on February 26. On May 18, 2016 the court set the case for trial on the two-week docket of April 3, 2017. On May 31, 2016 Connect moved to dismiss First Choice's third-party action. First Choice responded to the motion within two weeks. On the August 2 deadline to file summary judgment motions, Atlantic Casualty and First Choice both filed summary judgment motions.

Over one month later, on September 13, First Choice moved to dissolve the scheduling order, contending that the order did not afford sufficient time to conduct discovery as to Connect. On October 19 First Choice moved for leave to amend the motion

---

superseded by the amended motion.

to dissolve, which the court has today granted First Choice leave to file. *See supra* note 2. In the amended motion, First Choice alleges that the parties agreed in April 2016 that they would need to propose a new scheduling order, which Atlantic Casualty denies occurred. On November 11, 2016 First Choice moved to stay the deadlines in the scheduling order pending the court's decisions on various motions to dismiss. First Choice bases this motion principally on the same reasoning found in the motion and amended motion to dissolve scheduling order. As of the date of filing of First Choice's amended motion, no discovery between First Choice and Connect had occurred. Atlantic Casualty opposes each of these motions. Connect has not responded to the motions.

II

Rule 16(b)(4) governs a party's request to extend the discovery period after the deadline established by a scheduling order has elapsed. *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent. *Id.* The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)). "In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure

such prejudice." *Cartier*, 2009 WL 614820, at *3 (citing *S & W Enters.*, 315 F.3d at 536). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps., Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

III

The court turns initially to First Choice's amended motion to dissolve scheduling order.

A

Rather than propose specific deadlines, First Choice requests that the court set aside the scheduling order so that the parties can develop a new scheduling order. First Choice maintains that this relief is warranted because the July 2015 scheduling order did not allow sufficient time for First Choice to obtain discovery from Connect. First Choice also contends that it was justified in its failure to take discovery from Connect before the June 17, 2016 discovery deadline because (1) the scheduling order ceased to apply when Connect entered the suit and the parties agreed to enter a new scheduling order, and (2) two motions to dismiss First Choice's counterclaims and third-party complaint are pending.

Atlantic Casualty responds that First Choice's motion is time-barred and that the relief First Choice seeks would prejudice Atlantic Casualty. Atlantic Casualty denies that the parties reached any agreement to set aside the scheduling order. And it maintains that, assuming there was such an agreement, the parties' agreement cannot alone render the scheduling order inapplicable. Atlantic Casualty also posits that granting the motion would

- 4 -

prejudice it because it has already filed its motion for summary judgment based on evidence of record at the close of the discovery period, and reopening discovery would cause additional expense and delay.

B

First Choice has not briefed the good cause factors in its amended motion, but the grounds on which it relies enable the court to apply the pertinent four-factor test.[3]

1

The court first considers First Choice's explanation. First Choice contends that its motion is not untimely because "the July 20, 2015 Scheduling Order ceased to be applicable when Connect was added to the lawsuit and the parties agreed to enter a new scheduling order." First Choice offers no other explanation for its delay in any filing.

First Choice's position reflects a misunderstanding of federal court procedure. Once

[3]"When a party . . . does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) (citing *Serv. Temps*, 2009 WL 3294863, at *1) (addressing motions for leave to amend). But the court has made exceptions in cases where the movant does not address the Rule 16(b)(4) good cause standard, but the grounds on which it relies to establish good cause are relatively clear. *See, e.g.*, *Nieves v. John Bean Techs. Corp.*, 2014 WL 2587577, at *2 (N.D. Tex. June 10, 2014) (Fitzwater, C.J.) ("Nieves neither identifies the correct standard nor cites Rule 16(b)(4) in her brief, but the grounds on which she relies enable the court to apply the pertinent four-factor test."); *Cartier*, 2009 WL 614820, at *2 ("Cartier does not brief its motion under the Rule 16(b)(4) good cause standard or related case law, but the grounds on which it relies to establish good cause are relatively clear."). Accordingly, because the grounds on which First Choice relies enable the court to apply the pertinent four-factor test, the court will consider on the present briefing whether First Choice has met the good cause standard of Rule 16(b)(4) to amend the scheduling order.

a scheduling order is entered, it can only be modified for good cause *and* with the judge's consent. *See, e.g., Choice Hotels Int'l, Inc. v. Goldmark Hospitality, LLC*, 2014 WL 80722, at *2 (N.D. Tex. Jan. 9, 2014) (Fitzwater, C.J.) (citing *Cartier*, 2009 WL 614820, at *2). Therefore, until the court consents and modifies a scheduling order, the order remains in effect and is binding on all parties. When Connect entered the case as a third-party defendant, the July 20, 2015 scheduling order continued in effect. If, for example, this development in the lawsuit rendered the order no longer workable, it was incumbent upon a party or parties to move for relief from the order. But the addition of Connect, even when coupled with the parties' alleged agreement, did not, as First Choice maintains, have the effect of extinguishing the scheduling order.

First Choice's conduct therefore reflects a lack of diligence. First Choice did not seek discovery from Connect. And it waited nearly nine months after obtaining leave to bring a third-party action against Connect to file a motion to dissolve the scheduling order. The first factor weighs against a finding of good cause.

2

Under the second factor, the court considers the importance of the requested relief. First Choice contends that a new scheduling order is necessary to allow a fair opportunity to obtain discovery from Connect.[4] Considering that First Choice otherwise has not taken any

---

[4]First Choice further contends that it would be unfair to Connect not to have a new scheduling order . The court will not consider this argument because Connect has not filed a response to First Choice's motions in which it takes this position.

- 6 -

discovery from Connect, this justification is important. The second factor thus weighs in favor of a finding of good cause.

<div align="center">3</div>

Under the third factor, the court considers the potential prejudice in granting the relief, and, under the fourth factor, it assesses the availability of a continuance to cure such prejudice.

Atlantic Casualty maintains that it will suffer prejudice due to additional expense and delay, compounded by the fact that it has already filed a summary judgment motion based on the evidence of record at the close of discovery. This court has previously explained that although

> re-opening discovery after the filing of a summary judgment motion does not generally cause the same level of prejudice as allowing the amendment of pleadings after a party has filed a summary judgment motion, it is still nevertheless a source of potential prejudice because it could precipitate a costly second round of briefing and delay the resolution of this lawsuit.

*Choice Hotels*, 2014 WL 80722, at *4 (footnote omitted) (citing *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *2-3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) ).[5] Given the proximity to the April 3, 2017 trial docket setting, a new scheduling order allowing discovery would undoubtedly require that the trial be continued. A trial continuance would not cure this potential prejudice to Atlantic Casualty, however; instead, it could exacerbate

---

[5]In fact, discovery following the filing of a summary judgment motion is explicitly contemplated in certain circumstances under Rule 56(d).

the potential for prejudice considering that Atlantic Casualty is the plaintiff and is seeking summary judgment. *See id.* (noting that continuance could exacerbate potential for prejudice after party has filed summary judgment motion at close of discovery). The third and fourth factors therefore weigh against a finding of good cause.

C

Considering the four factors holistically, the court finds that First Choice has failed to show good cause to modify the scheduling order. First Choice did not diligently attempt to complete discovery or move for relief from the scheduling order. Although it is important that the scheduling order be amended so that First Choice can conduct discovery from Connect, amending the order would prejudice Atlantic Casualty in ways that a continuance would exacerbate rather than cure. The court therefore finds that First Choice has not demonstrated good cause to amend the scheduling order.

IV

First Choice also moves to stay the deadlines in the scheduling order, relying on nearly identical arguments to those on which it relies in support of its amended motion to dissolve scheduling order. The motion to stay differs primarily from the amended motion to dissolve in that the motion to stay requests a stay of the deadlines rather than dissolution of the scheduling order. The motion to stay is the functional equivalent of a motion to amend the scheduling order, so the good cause standard of Rule 16(b)(4) applies.

The court concludes that First Choice has failed to demonstrate good cause to stay the deadlines in the scheduling order. Accordingly, the court declines to issue a stay for the

same reasons that it relies on in denying the amended motion to dissolve scheduling order.

\* \* \*

For the reasons explained, First Choice's motion to dissolve scheduling order is denied without prejudice because it has been superseded; its motion for leave to file an amended motion to dissolve scheduling order is granted; its amended motion to dissolve scheduling order is denied; and its motion to stay is denied.

**SO ORDERED**.

December 21, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE